## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOGAN S. SEGER,** | |
| **Petitioner,** | |
| **v.** | **Case No. 25-CV-00334-SPM** |
| **PEOPLE OF THE STATE OF ILLINOIS** | |
| **Respondent.** | |

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Petitioner Logan S. Seger is a state detainee presently housed at Alton Mental Health Center in Illinois. (*See* Doc. 1, p. 1). He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his placement in a mental health facility for a mental fitness evaluation prior to potentially standing trial in a state criminal case in St. Clair County, Illinois. (*Id.*); *see People v. Seger*, 23-CF-613 (Ill. Cir. Ct.). Seger seeks to challenge his detainment pursuant to the Fifth and Seventh Amendments to the U.S. Constitution and for this Court to release him from custody. (Doc. 1). Seger argues that the state court unlawfully dismissed the jury and substituted its own decision, resulting in his unlawful detention. (*Id.*, p. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See id.*

First, while Seger brought the instant Petition pursuant to 28 U.S.C. § 2241, it is clear that he is not in federal custody nor has he been indicted under federal law. (*See* Doc. 1). Section 2241(c) states that:

> The writ of habeas corpus shall not extend to a prisoner unless—
>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

Seger is in a state mental health facility pending restoration of his competency to stand trial in a state criminal case—thus, he is not detained under the authority of the United States or in violation of federal law. (*See* Doc. 1, p. 1); *see* 28 U.S.C. § 2241(c).

However, those in state custody for some other reason, such as pre-conviction custody, may pursue habeas relief under 28 U.S.C. § 2241. *Id.*; *see also Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (individuals held in state custody for any reason other than a conviction may challenge their incarceration under § 2241). Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this is limited by the policy of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *See Braden v. 30th Jud. Cir. Court of Ky.*, 410 U.S. 484, 489–92 (1973); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Section 2241 does not contain an explicit exhaustion requirement, but courts apply a common-law exhaustion rule. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *See Boettcher v. Doyle*, 105 F. App'x 852, 854 (7th Cir. 2004) (citing

*United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991)) (unlike §2254, §2241 does not itself require exhaustion but federal courts may nevertheless require it as a matter of comity). Thus, a pretrial detainee must "exhaust all avenues of state relief" before seeking a writ of habeas corpus through a section 2241 action. *See Castor*, 937 F.2d at 296–97 (7th Cir. 1991). To exhaust state court remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing petition for discretionary review with state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (usually issues may be resolved by trial on the merits in the state court or by other state procedures available to a petitioner).

In Illinois's two-tiered appeals process, petitioners such as Seger must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c); ILL. SUP. CT. R. 604(e).

Petitioner Seger states in his Petition that he has filed an appeal or sought administrative remedies prior to filing the instant action and cites to the five other § 2241 petitions he has filed in this District to challenge the same detention which he raises in the present Petition. (Doc. 1, p. 2 (citing *See Seger v. Dep't of Human Servs.*, No. 24-cv-01703-SPM; *Seger v. Ill. Dep't of Human Servs.*, No. 24-cv-01368-SPM; *Seger v. Ill. Dep't of Human Servs.*, No. 24-cv-01226-SPM; *Seger v. Ill. Dep't of Human Servs.*, No. 24-cv-1057-SMY; *Seger v. Dep't of Human Servs.*, No. 24-cv-01876-NJR)). However, like this Court and District Judge Yandle found in four of Seger's prior

petitions, Seger has failed to demonstrate that he has pursued the remedies available to him under the laws of the State of Illinois in the instant Petition as well. *See Seger*, No. 24-cv-01703-SPM (filed July 11, 2024, dismissed August 9, 2024 for failure to exhaust state remedies); *Seger*, No. 24-cv-01368-SPM (filed May 22, 2024, dismissed May 28, 2024 for failure to exhaust available state remedies); *Seger*, No. 24-cv-01226-SPM (filed May 6, 2024, dismissed May 8, 2024 for lack of subject-matter jurisdiction due to Seger's failure to demonstrate he has exhausted available state remedies); *Seger*, No. 24-cv-1057-SMY (filed April 8, 2024, dismissed May 13, 2024 for failure to exhaust available state remedies). Petitioner Seger provides no evidence of his attempts to use the state appellate review process to challenge the confinement which he raises before this Court.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Therefore, Seger's Petition must be dismissed.

## CONCLUSION

For the reasons set forth above, Logan S. Seger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Seger has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: May 16, 2025**

<u>*s/ Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**